Federal Kemper Insurance Company, Petitioner
*v.* Commonwealth of Pennsylvania, Insurance De-
partment, and Michael L. Browne, Insurance Com-
missioner, Respondents.

Argued September 15, 1983, before Judges Mac-
Phail, Doyle and Barbieri, sitting as a panel of three.

*Karen M. Balaban, Balaban & Balaban,* for petitioner.

*Hannah Leavitt,* Chief of Litigation, with her *Anthony A. Geyelin,* Chief Counsel, for respondent, Insurance Department, Commonwealth of Pennsylvania.

*Kenneth R. Shutts,* for Amicus Curiae, Pennsylvania National Mutual Insurance Company, Temple Mutual Insurance Company, and State Auto Mutual Insurance Company.

OPINION BY JUDGE BARBIERI, January 3, 1984:

This is an appeal from an order of the Insurance Commissioner of the Commonwealth of Pennsylvania directing Federal Kemper Insurance Company (Kemper) (1) to provide insurance coverage to Ronald L. Monn from April 13, 1979 through April 29, 1979, and (2) to cease and desist from "its practice of not giving a Notice of Cancellation whenever it attempts to terminate an automobile insurance policy for nonpayment of any premium prior to the end of a 12-month policy period." We affirm.

The facts in this case are not in dispute. In 1978, Mr. Monn purchased an automobile insurance policy from Kemper. This policy, which replaced an earlier policy Mr. Monn had with Kemper, had a fixed six month policy period extending from October 13, 1978 to April 13, 1979. On or about March 20, 1979, Kemper sent an "automobile premium notice" to Mr. Monn informing him of the premium payment that would be required if he wished to extend this insurance coverage for an additional six months. Mr. Monn subsequently failed to pay this premium before the April 13, 1979 expiration date of his coverage, however, and

on or about April 18, 1979, Kemper sent a second notice offering therein, pursuant to the policy's terms, to reinstate insurance coverage without interruption if Mr. Monn paid his premium by April 28, 1979. No payment was received as of April 28, 1979, however, and on that date Mr. Monn was involved in an automobile accident. On or about April 29, 1979, Kemper sent Mr. Monn a new offer to reinstate insurance coverage, without retroactive effect, with an effective date one day after the post mark of the premium payment, and on April 30, 1979 Mr. Monn paid half of the premium in cash to his agent, and obtained renewed insurance coverage as of that date. Mr. Monn then filed a request for review with the Pennsylvania Department of Insurance (Department) alleging that Kemper had impermissibly terminated insurance coverage during the April 13, 1979 to April 29, 1979 period. Following an initial determination in Monn's favor, and a subsequent hearing on this issue before a hearing examiner, the hearing examiner issued an adjudication in favor of Kemper. An application for reconsideration was then filed, and granted, and after a hearing before a new hearing examiner expressly appointed to preside over the hearing, but not to issue any adjudication, the Commissioner of Insurance issued a new adjudication which, as we noted above, was favorable to Mr. Monn. A new request for reconsideration, filed by Kemper, was subsequently denied, and the present appeal followed.

The sole substantive issue raised in this appeal is whether the provisions of the Act of June 5, 1968 (Act), P.L. 140, *as amended,* 40 P.S. §§1008.1-1008.11, permit insurance companies to cancel or not renew automobile insurance policies in effect for less than a year, for nonpayment of premiums, without providing a formal cancellation notice meeting the requirements of Section 5 of the Act, 40 P.S. §1008.5.

Section 4 of the Act, 40 P.S. §1008.4, provides in pertinent part that "[n]o insurer shall cancel a policy except for one or more of the following specified reasons: (1) Nonpayment of premium. . . ." Section 5 of the Act provides, however, that "[n]o cancellation or refusal to renew by an insurer of a policy of automobile insurance shall be effective unless the insurer shall deliver or mail, to the named insured . . . a written notice of the cancellation or refusal to renew[,]" and continues on to specify certain criteria which the cancellation notice must meet,[1] criteria which the parties here agree were not met in the notices sent Mr. Monn. Kemper nonetheless asserts that it is exempted from the notice provisions of Section 5 by the provisions of Section 6 of the Act, 40 P.S. §1008.6, which states in pertinent part that

[n]othing in this act shall apply:

(1) If the insurer has manifested its willingness to renew by issuing or offering to issue a renewal policy, certificate or other evidence of renewal, or has manifested such intention by any other means;

(2) If the named insured has demonstrated by some overt action to the insurer . . . that he wishes the policy to be cancelled or that he does not wish the policy to be renewed.

. . . .

Neither of these subsections, in our view, are applicable here.

---

[1] Such notices must be approved as to form by the Insurance Commissioner, and, among other requirements, must inform the insured of the specific reasons for the insurer's cancellation or refusal to renew, of his or her right to seek a review of the action by the Commissioner of Insurance, and of his or her possible eligibility for insurance through the automobile assigned risk plan.

Section 1(2) of the Act, 40 P.S. §1008.1(2), defines the term "Renewal" or "to renew" as

the issuance and delivery by an insurer of a policy superseding at the end of the policy period a policy previously issued and delivered by the same insurer, such renewal policy to provide types and limits of coverage at least equal to those contained in the policy being superseded . . . *Provided, however, that any policy with a policy period or term of less than twelve months . . . shall for the purpose of this act be considered as if written for successive policy periods or terms of twelve months.* (Emphasis added.)

Hence, under the terms of the Act, renewal can only occur *upon the expiration of twelve months of insurance coverage* under a particular policy, and if an offer to renew is made at that time, Section 6(1) of the Act, 40 P.S. §1008.6(1), clearly and logically exempts insurers from providing formal notices of cancellation if the offer is not accepted. If a policy is to be cancelled at any time other than the expiration of the policy period, which under Section 1(2) must be of at least twelve months duration, it is equally clear that a formal cancellation notice, complying with the requirements of Section 5, must be issued. Accordingly, we find no merit in Kemper's assertion that it could validly terminate insurance coverage on a policy in effect for only six months by simply making an offer to renew.

We similarly do not believe that Mr. Monn's failure to pay his premium on time constituted an "overt action to the insurer . . . that he wishes the policy to be cancelled" within the intendment of Section 6(2) of the Act, 40 P.S. §1008.6(2). A construction of the Act interpreting the failure to pay as an "overt action" would make Section 5 of the Act, the section

specifically applicable to the situation where premiums are not paid, a nullity, and would accordingly be contrary to the statutory presumption enunciated in Section 1922(2) of the Statutory Construction Act of 1972, 1 Pa. C. S. §1922(2).

Kemper finally alleges that the Insurance Commissioner improperly granted the Department's application for reconsideration since that application was signed by an attorney for the Insurance Department who did not formally enter her appearance until April 23, 1981, more than fifteen days after the April 3, 1981 adjudication of the hearing examiner. The Department counters that "[t]he fact that the Department's counsel changed did not 'taint' the reconsideration application or in any way prejudice Federal Kemper." Both these arguments, in our view, miss the point.

Under the provisions of Section 9(a) of the Act, 40 P.S. §1008.9(a), upon the receipt of a request for review, or if as a result of a Department investigation the Insurance Commissioner believes that an insurer is violating the Act,

> the Insurance Commissioner *or his designated representative* shall notify the insurer thereof and shall review the matter to determine whether the cancellation or refusal to renew or to write was in violation of this act, and shall within forty days of the receipt of such request either order the policy written or reinstated or uphold the cancellation or refusal to renew . . . . (Emphasis added.)

This determination is made without the benefit of a formal hearing, and once the decision is made there are two avenues of appeal available. If neither of the parties disputes the "findings" of this review, Section 10(a) of the Act, 40 P.S. §1008.10(a) provides that

[t]he decision of the Insurance Commissioner *or his designated representative* shall be subject to appeal in accordance with 2 Pa. C. S. §§701-704 (relating to judicial review of Commonwealth agency action) provided, however, that the court hearing such appeal shall not decline to affirm such decision on the ground that the requirements of 2 Pa. C. S. §501-508 [pertaining to the conduct of administrative hearings] have not been complied with. (Emphasis added.)

If either of the parties does dispute the "findings," however, Section 9(a) states that "such party shall have the right to a formal hearing[,]" and Section 9(e) of the Act, 40 P.S. §1008.9(e), provides in turn that after the conduct of this hearing the Insurance Commissioner, and the Insurance Commissioner alone, has the right to issue an adjudication. Since a formal hearing was initially conducted in this case because Kemper disputed the findings made in the Insurance Commissioner's initial review, we believe the initial hearing examiner's adjudication was ineffective since he had no authority to issue it, and since it was not signed or adopted by the Insurance Commissioner. That being the case, we believe that the Insurance Commissioner properly conducted a new hearing and issued his own adjudication, and that an application for reconsideration was therefore unnecessary.[2]

We shall accordingly affirm.

---

[2] We also note that under 1 Pa. Code §35.226(a), "[a]ll adjudications of an agency head shall be final orders, subject only to application for rehearing, *if any*, provided for by the statute under which the proceeding is initiated and conducted. . . ." (Emphasis added.) Since our review of the Act and the accompanying regulations has failed to reveal any authorization for requests for rehearings, Kemper had no right to file a request for reconsideration here after the Insurance Commissioner issued his adjudication.

352 

ORDER

Now, January 3, 1984, the order of the Insurance Commissioner of the Commonwealth of Pennsylvania dated October 1, 1982, at Docket No. P80-4-8, is affirmed.

