Capitol Insurance Company, Petitioner *v.* Commonwealth of Pennsylvania, Insurance Department, and Anthony A. Geyelin, Insurance Commissioner, Respondents.

Argued October 17, 1984, before Judges WILLIAMS, JR., DOYLE and BARRY, sitting as a panel of three.

*James D. Rosen, Josel & Rosen, P.C.,* for petitioner.

*Beth C. Sheligo,* Assistant Counsel, for respondents.

*Bruce D. Hess, Howland, Hess, Guinan & Torpey,* for intervenor, Alice M. Hartman.

OPINION BY JUDGE DOYLE, February 25, 1985:

This is an appeal by Capitol Insurance Company (Capitol) from an adjudication of the Pennsylvania Insurance Commissioner (Commissioner)[1] which construed an automobile insurance policy between Capitol

---

[1] The adjudication was signed by hearing examiner John J. Flynn on December 7, 1983 and was adopted *nunc pro tunc* by the Insurance Commissioner in an order dated January 31, 1984 and signed by Acting Insurance Commissioner Anthony A. Geyelin.

and Alice M. Hartman (Insured)[2] to provide coverage for the one year period between February 22, 1982 and February 22, 1983, including the date of January 15, 1983, on which Insured sustained damage to her automobile in the amount of $3,820.00.

On February 22, 1982, Capitol issued to Insured an automobile insurance policy providing collision and comprehensive coverage for her 1978 Buick Regal automobile. Insured timely paid the initial six months premium due on the policy for the period from February 22, 1982 to August 22, 1982. Then, on or about June 15, 1982, Capitol prepared for Insured a document entitled "Expiration Notice" which directed the recipient to "CONTACT YOUR BROKER FOR DETAILS." Although this notice provided that "failure to pay the premium within the allotted time is construed as a refusal by the applicant to accept the insurance," no premium amount or policy period was indicated. This document allegedly was mailed both to Insured and to the agent through whom she had purchased her policy. The Commissioner, however, found as a fact that neither party ever received it.

On January 15, 1983, Insured was involved in an automobile accident, as a result of which her Buick Regal was damaged. Capitol refused to pay for the repairs to the vehicle on the basis that Insured's policy had been terminated for nonpayment of premiums. Insured had the vehicle repaired at a cost of $3,820.00 and requested an investigation of her claim by the Pennsylvania Insurance Department. On March 1, 1983, an initial determination was issued in favor of Capitol. Following a formal hearing on June 20, 1983, however, this determination was reversed and an

---

[2] Petitioner in this appeal is Capitol Insurance Company and Respondents are Acting Insurance Commissioner, Anthony A. Geyelin, and the Pennsylvania Department of Insurance. Alice M. Hartman has filed a brief as Intervenor.

order was issued directing Insured to pay the premium due for the period from August 22, 1982 through February 22, 1983 and directing Capitol to pay for all valid claims within the same time period. Capitol was also ordered to "cease and desist its practice of not delivering or mailing to its insureds a Notice of Cancellation whenever it attempts to terminate an automobile liability insurance policy at any point in the policy period other than the twelve-month anniversary date."

We agree with the Commissioner that this case is governed by *Federal Kemper Insurance Co. v. Insurance Department*, 79 Pa. Commonwealth Ct. 345, 469 A.2d 344 (1984). This Court held in *Kemper* that the provisions of the Act of June 5, 1968 (Act), P.L. 140, *as amended*, 40 P.S. §§1008.1-1008.11, do not permit insurance companies to cancel or fail to renew automobile insurance policies which have been in effect for less than one year for nonpayment of premiums[3] without providing a formal cancellation notice meeting the requirements of Section 5 of the Act, 40 P.S. §1008.5.

Capitol admits that its notice did not comply with the requirements of Section 5, but asserts that its notice *did* constitute an "offer to renew", and that Section 6 of the Act, 40 P.S. §1008.6, therefore applies. Section 6 provides that a manifestation of willingness to *renew* by an insurer precludes application of any other provision of the Act. The error in this argument is palpable, because *Kemper* held that "under the terms of the Act, renewal can only occur *upon the expiration of twelve months of insurance coverage. . . .*" *Id.* at 349, 469 A.2d at 346 (emphasis in original). This holding was based principally on the language of Sec-

---

[3] Nonpayment of premiums is otherwise a legitimate ground for cancellation or refusal to renew under Section 4(1) of the Act, 40 P.S. §1008.4(1).

tion 1(2) of the Act, 40 P.S. §1008.1(2), which defines
the term "renewal" or "to renew" and which pro-
vides, in pertinent part, that

> any policy with a policy period or term of less
> than twelve months . . . shall for the purpose of
> this act be considered as if written for succes-
> sive policy periods or terms of twelve months.

Obviously, if a policy must be in effect for at least
twelve months in order to be "renewed", an offer to
renew after six months is meaningless.[4]

Capitol next attempts to distinguish *Kemper* from
the case at bar on factual grounds, asserting that a dis-
tinction should be drawn on the basis that nearly five
months had passed since the six month "expiration
date" of Insured's policy when she had her accident,
as opposed to less than three weeks in the case of the
insured in *Kemper*.[5] We do not consider the mere
passage of time to affect the *Kemper* rationale, as long
as the one year anniversary date of a policy has not
yet arrived.

Finally, Petitioner urges that *Kemper* should ap-
ply only to required insurance, such as personal injury
protection, and not to collision coverage, which is gen-
erally optional with an insured. There is no basis for
making this distinction either in the language of
*Kemper* or in the language of Section 1(2) of the Act
referred to above. Although in general the equities
underlying the Act may be stronger in cases of per-
sonal injury, we think the more logical interpretation

---

[4] This conclusion makes it unnecessary to consider Capitol's
argument concerning presumption of receipt.

[5] Capitol also attempts to distinguish this case by asserting
that there would have been no gap in coverage if Insured had re-
sponded to the notice allegedly mailed to her by Capitol. This is
not a legitimate basis for distinction, as a similar offer to extend
coverage was also made prior to the six month expiration date in
*Kemper*.

of the *Kemper* decision is that it applies to all types of insurance covered under the Act, *i.e.*, to ''bodily injury and property damage liability, comprehensive, and collision coverages and to the provisions therein, if any, relating to medical payments and uninsured motorists coverage,'' 40 P.S. §1008.2.

For the reasons given above, we affirm the decision of the Commissioner.

ORDER

Now, February 25, 1985 the decision and order of the Pennsylvania Insurance Commissioner in the above captioned matter dated December 7, 1983, No. P83-4-12, is hereby affirmed.

This decision was reached prior to the resignation of Judge WILLIAMS, JR.